IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JARED and LISA DAY, | § | |
| Petitioners, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-787-Y |
| | § | |
| TERRY ROSS, *et al*, | § | |
| Respondents. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

### I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a purported petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

*B. Parties*

Jared and Lisa Day, petitioners, reside in Haslet, Texas.

Terry Ross, dba Substitute Trustee, and Elizabeth McDonald and Gregory T. Shannon, Associate Attorneys, Barrett Daffin Frappier Turner & Engel, L.L.P., are the named Respondents. No service has issued upon Respondents.

*C. Discussion/Subject Matter Jurisdiction*

It appears from the pleadings and communication with the clerk of court that petitioners are attempting to challenge a pending foreclosure sale on their real property located at 7301 Levitt Court,

Watauga, Tarrant County, Texas 76148.

This court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3). The provision cited by petitioners is insufficient to confer federal jurisdiction. 28 U.S.C. § 2241 authorizes federal courts to grant writs of habeas corpus when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). As petitioners are not endeavoring to challenge the state's custody of his and her "persons" but, instead, are only attacking the foreclosure of their real property, they cannot proceed under § 2241.

## II. RECOMMENDATION

It is therefore recommended that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 27, 2012. In order to be specific, an objection must identify

2

the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 27, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 6, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3